Marshall, C. J.,
 

 dissenting. No fault can be
 
 *385
 
 found in the first syllabus declared by the majority of the court in this ease, and no fault can be found in the second syllabus if it be conceded that a sentence for a definite term imposed under Section 2106, General Code, as it existed prior to July 4, 1921, would have the effect of increasing the minimum punishment beyond what might have been inflicted under a statute providing for an indeterminate sentence. Clearly Luff was entitled to insist upon the court pronouncing a sentence for an indeterminate period. In form, the court imposed a definite sentence, and the majority of this court now hold that the sentence is for that reason void, and have ordered that the cause be remanded for resentence, notwithstanding the plain proviso of Section 2166, General Code, as it existed at the time of the commission of the offense, providing that “it shall not thereby become void.” The sentence of the court must necessarily have read into it the proviso of the statute, which provides:
 

 “But the person so sentenced shall be subject to the liabilities of this chapter, and receive the benefits thereof, as if he had been sentenced in the manner required by this section.”
 

 "When the above-quoted proviso has been read into the sentence, it clearly has the effect of an indeterminate sentence, and, in reversing the case and ordering a resentence, the court has done a vain thing.
 

 Matthias, J., concurs in the dissenting opinion.